BENTON, J.
By filing his pro se, unauthorized motion for rehearing, rather than a timely notice of appeal through counsel, appellant failed to perfect an appeal and lost the ability to obtain review of the issues raised in his motion to withdraw plea. Our dismissal today is without prejudice to Mr. Archie’s filing a petition for belated appeal in this court. Appellant, who was represented at the time he filed his pro se motion for rehearing, may be entitled to a belated appeal. See Fla. R. App. P. 9.141(c)(4)(F)(i) (“A petition seeking belated appeal must state whether the petitioner requested counsel to proceed with the appeal and the date of any such request, or if the petitioner was misadvised as to the availability of appellate review or the status of filing a notice of appeal.”); see generally Roe v. Flores-Ortega, 528 U.S. 470, 480, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000) (holding that “counsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to. appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing”).